UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| WINDERMERE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ART DIRECT, INC. and DOES 1 | ) | Case No. |
| through 10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Windermere Holdings, LLC, ("Plaintiff") by and for its Complaint

against Defendants Art Direct, Inc. and DOES 1 through 10 (collectively, "Defendants"),

alleges to the Court as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331

because this action arises under the laws of the United States — namely, the U.S.

Copyright Act (17 U.S.C. § 101, *et seq.*) and the Lanham Act (15 U.S.C. § 1051, *et seq.*).

In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and (c) because

the parties are citizens of different states and the amount in controversy exceeds $75,000.

2.      This Court has supplemental jurisdiction over the related state law claims

pursuant to 28 U.S.C. § 1367(a) in that the state law claims are factually interdependent

with the federal law claims and form part of the same case or controversy under Article

III of the U.S. Constitution.

3.      This Court has personal jurisdiction over Defendant Art Direct, Inc. in that

at all times pertinent hereto, upon information and belief, it is domiciled in and/or has a

corporate presence in the District of Minnesota and has directed ongoing and substantial

commercial activities within the District of Minnesota.

4.      Venue is proper in the District of Minnesota pursuant to 28 U.S.C. §

1391(b) and (c) because Defendant Art Direct, Inc. resides in this District for venue

purposes.

## THE PARTIES

5.      Plaintiff is a California limited liability company doing business in Morgan

Hill, California.

6.      Plaintiff is informed and believes that Defendant Art Direct, Inc. is a

Minnesota corporation with a principal place of business located at 2010 East Center

Circle, Suite 100, Plymouth, Minnesota 55441.  Other addresses include 12873 Industrial

Park Boulevard, Minneapolis, Minnesota 55441 and 2849 Hedberg Drive, Minnetonka,

Minnesota 55305.

7.      Plaintiff is ignorant of the true names and capacities of the Defendants sued

herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such

fictitious names.  Plaintiff will seek to amend this complaint to allege such names and

capacities as soon as they are ascertained.  Plaintiff is informed and believes, and on that

basis alleges, that each of the fictitiously-named Defendants is in some manner

responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

## NATURE OF THE ACTION

8.      This is an action for copyright infringement, trademark infringement, false

designation of origin, trademark dilution and related claims under federal and state law,

MILW_11068523.3

based on the blatant unauthorized use of certain trademarks, including KINKADE and THOMAS KINKADE, both of which are well-known and well-respected brands in use for many years in connection with the creation and distribution of numerous paintings and derivative works based on those paintings by artist Thomas Kinkade, and the believed unauthorized reproduction and sale of counterfeit copies of those copyrighted paintings.

9.      Plaintiff is the owner of all intellectual property rights at issue in this action, including, but not limited to, common law rights to the marks KINKADE, THOMAS KINKADE, a certain lamppost design and THOMAS KINKADE PAINTER OF LIGHT used with that lamppost as a design mark, which is also illustrated below (collectively, the "Kinkade Marks"), as well as copyrights to all of the paintings which have been created by Mr. Kinkade (collectively, the "Kinkade Works").   As such, Plaintiff has standing to bring this action.



10.      The Kinkade Works at issue in this action are all copyrightable subject matter and registered with the U.S. Copyright Office.   A list of the Kinkade Works relevant to this action along with copies of the registration certificates for each of those

MILW_11068523.3

works are collectively attached hereto as part of Exhibit A.

11.     In violation of Plaintiff's intellectual property rights, Defendants are offering for sale and selling unauthorized and counterfeit prints of the Kinkade Works, which feature the Kinkade Marks.

12.     Plaintiff seeks injunctive and monetary relief from this Court to redress Defendants' unauthorized infringement of the Kinkade Works and their wrongful infringing and dilutive use of the Kinkade Marks.

## THE KINKADE MARKS AND WORKS

13.     Thomas Kinkade is America's most collected living artist.  Since he began publishing his works in 1984, his paintings and acclaimed painting style have achieved great recognition and success.  Often referred to as the "Painter of Light" because of his unique painting style, Mr. Kinkade has painted hundreds of works, ranging from serene cottages and nature gardens to lively cityscapes and sports stadiums.

14.     Mr. Kinkade's paintings are offered for sale through Thomas Kinkade Galleries and other authorized distributors and retailers across the United States and in other countries, and directly through the website THOMASKINKADE.COM which is owned and operated by Plaintiff.

15.     Plaintiff also licenses the Kinkade Marks and copyrighted Kinkade Works to third parties who in turn create and distribute merchandise depicting the Kinkade Works (and bearing the Kinkade Marks).

16.     In connection with his paintings, and through various corporate entities including Plaintiff, Mr. Kinkade and his authorized licensees have used the Kinkade

MILW_11068523.3

Marks in connection with his paintings and related derivative works for more than 25 years.

17.     As a result of the continuous, widespread and exclusive use of the Kinkade Marks in interstate commerce, the Kinkade Marks have not only acquired distinctiveness but have become famous in the United States and other parts of the world.  Indeed, the name "Kinkade" has become a brand synonymous with high-quality paintings created by a gifted artist.

18.     As a result of extensive advertising, promotion and continuous use of the Kinkade Marks, the marks have acquired an extremely valuable goodwill among purchasing consumers and within the art industry.

## DEFENDANTS' ACTIONS

19.     Upon information and belief, Defendant Art Direct, Inc. is in the business of supplying artwork to third parties, including unauthorized copies – *i.e.*, counterfeit versions – of certain Kinkade Works.  These works include, but are not limited to, copies of *Elegant Evening at Biltmore*, *Cinderella Wishes Upon a Dream* and *Graceland Christmas*.  True and correct copies of photographs of Defendants' products being offered for sale to the public are collectively attached hereto as Exhibit B.

20.     Upon information and belief, each of Defendants' unauthorized copies contains a reproduction of Thomas Kinkade's signature in the lower right-hand corner, suggesting that the copies are actually signed by the artist.  In addition, there are what appear to be plates affixed inside the frames of each painting which contain the title of the work as well as the name "Thomas Kinkade," with the letters "T" and "K" appearing

MILW_11068523.3

in a font similarly stylized to Mr. Thomas Kinkade's signature.  Upon further information

and belief, certain copies also contain Plaintiff's circular stylized "THOMAS KINKADE

– PAINTER OF LIGHT" design mark (*see infra* ¶ 9) in the lower left-hand corner, thus

further suggesting that the copies either come from or are otherwise authorized by Mr.

Kinkade.

21. Upon information and belief, Defendant Art Direct, Inc. sells its

unauthorized copies of Kinkade Works to third parties such as Sam's Club, which in turn

offers them for resale at certain Sam's Club locations throughout the country, including,

but not limited to, stores located in Trussville, Alabama, Tupelo, Mississippi and Lawton,

Oklahoma, in connection with the Sam's Club Road Show Program.

22. Upon information and belief, the unauthorized copies of Kinkade Works

sell for approximately $67.00 each at Sam's Club stores.

23. Upon information and belief, the versions of Kinkade Works being sold by

Defendants are not authorized reproductions from Plaintiff or its authorized licensees, but

instead are counterfeit prints of inferior quality either being manufactured by Defendants

directly or by third parties without authorization from Plaintiff.

24. Plaintiff's rights to both the Kinkade Marks and Kinkade Works are beyond

dispute.  Defendants have no trademark or copyright rights to either the Kinkade Marks

or the Kinkade Works.

25. Defendants' unauthorized use of the Kinkade Marks and Kinkade Works is

with the intent to confuse consumers into believing that Defendants' products are

manufactured by or are otherwise legitimately connected with Plaintiff.

MILW_11068523.3

## FIRST CLAIM:  COPYRIGHT INFRINGEMENT

26.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27.     The Kinkade Works are original works of authorship constituting copyrightable subject matter under the laws of the United States.

28.     Plaintiff owns the exclusive rights in and to the copyrights of the Kinkade Works including, but not limited to, the exclusive rights to reproduce, distribute, display and create derivative works based thereon.

29.     Upon information and belief, without permission or authorization from Plaintiff, Defendants have made unauthorized copies or caused others to make such unauthorized copies on its behalf of Kinkade Works.

30.     Upon further information and belief, without permission or authorization from Plaintiff, Defendants have created derivative works based on the Kinkade Works by modifying, transforming and recasting images of Kinkade Works into a new medium of expression by enlarging, printing, permanently matting and framing images of those works.

31.     Upon further information and belief, without permission or authorization from Plaintiff, Defendants have distributed and will continue to distribute, numerous unauthorized copies of Kinkade Works to third parties, including to various Sam's Club locations to be offered for resale as described herein.

32.     Defendants have willfully and maliciously infringed Plaintiff's copyrights in the Kinkade Works by, *inter alia*, intentionally making or causing to be made and/or

7

distributing unauthorized copies of Kinkade Works without the consent of Plaintiff and with full knowledge and disregard of Plaintiff's rights.

33.    Defendants' actions have caused, and continue to cause, great financial harm to Plaintiff.

34.    Plaintiff is informed and believes and thereupon alleges that Defendants intend to engage in further acts of copyright infringement unless enjoined by this Court.

35.    Defendants' unlawful conduct described above has caused and, unless enjoined by this Court, will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter.

36.    Plaintiff is therefore entitled to an order preliminarily and permanently enjoining Defendants, their agents, affiliates, employees and others acting in concert with them, from directly or indirectly infringing the Kinkade Works in any manner, including by reproducing, distributing, modifying, altering, publishing, or displaying any depiction identical or substantially similar to, or derived from, the Kinkade Works.

## SECOND CLAIM: TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1125(a))

37.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

38.    Each of the Kinkade Marks, as that term is defined above, are valid and protectable trademarks under common law, which Plaintiff owns the exclusive right to use and enforce.

39.    Defendants' use of "Thomas Kinkade" and "Thomas Kinkade – Painter of

8

Light" in connection with the unauthorized and inferior quality Kinkade Works is likely to cause confusion among consumers as to the source of Defendants' products in violation of 15 U.S.C. § 1125(a).

40.     Defendants' aforesaid use of the Kinkade Marks as their own marks is causing Plaintiff monetary damage and irreparable harm and is resulting in Defendants' enrichment.

41.     If the aforesaid acts are permitted to continue, Plaintiff will sustain further loss, damage and irreparable injury, for which Plaintiff has no adequate remedy at law.

## THIRD CLAIM: FALSE DESIGNATION OF ORIGIN

## (15 U.S.C. § 1125(a))

42.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

43.     The KINKADE and THOMAS KINKADE trademarks, both in word and stylized forms, are valid and protectable trademarks under common law, which Plaintiff owns the exclusive right to use and enforce.

44.     Defendants' use of "Thomas Kinkade" and "Thomas Kinkade – Painter of Light" in connection with the unauthorized and inferior quality Kinkade Works is likely to cause confusion among consumers as to the source of Defendants' products in violation of 15 U.S.C. § 1125(a).

45.     Defendants' use of the Kinkade Marks in the manner described above gives the false impression that Defendants are authorized or otherwise affiliated with Mr. Thomas Kinkade and Plaintiff, and that Defendants' sales through Sam's Club Road

Show events are with Plaintiff's full knowledge and consent.

46.     Defendants' aforesaid use of the Kinkade Marks as their own marks is causing Plaintiff monetary damage and irreparable harm and is resulting in Defendants' enrichment.

47.     If the aforesaid acts are permitted to continue, Plaintiff will sustain further loss, damage and irreparable injury, for which Plaintiff has no adequate remedy at law.

## FOURTH CLAIM: FEDERAL TRADEMARK DILUTION

### (15 U.S.C. § 1125(c))

48.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

49.     The Kinkade Marks are famous and distinctive under the Lanham Act, 15 U.S.C. § 1125(c).  The advertising and publicity associated with the Kinkade Marks has been of substantial duration and extent, and Plaintiff's marks have attained substantial renown.

50.     Defendants' use of "Thomas Kinkade" and "Thomas Kinkade – Painter of Light" in connection with the unauthorized and inferior quality Kinkade Works is causing dilution of the distinctive quality of the Kinkade Marks in violation of the Lanham Act, 15 U.S.C. § 1125(c).

51.     On information and belief, Defendants willfully intended to trade upon the reputation of Plaintiff and dilute the distinctiveness of the Kinkade Marks and consciously disregarded Plaintiff's legal rights both by (1) blurring the distinctiveness and (2) tarnishing the reputation of the Kinkade Marks.

10

MILW_11068523.3

52.     Defendants' aforesaid use of the Kinkade Marks is causing Plaintiff monetary damage and irreparable harm and is resulting in Defendants' enrichment.

53.     If the aforesaid acts are permitted to continue, Plaintiff will sustain further loss, damage and irreparable injury, for which Plaintiff has no adequate remedy at law.

## FIFTH CLAIM: COMMON LAW TRADEMARK INFRINGEMENT

54.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

55.     As a result of Defendants' aforesaid acts, Defendants have unlawfully infringed Plaintiff's Kinkade Marks in violation of the common law of Minnesota

## SIXTH CLAIM: TRADEMARK DILUTION UNDER STATE LAW

### (Minn. Stat. § 333.285)

56.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

57.     Plaintiff, Mr. Kinkade and his authorized licensees have used the Kinkade Marks in connection with his paintings and related derivative works for more than 25 years.  As a result of the continuous, widespread and exclusive use of the Kinkade Marks in interstate commerce, the Kinkade Marks have not only acquired distinctiveness but have become famous in the United States and other parts of the world.

58.     Upon information and belief, Defendants use of the Kinkade Marks in connection with the unauthorized and inferior quality Kinkade Works began only after they had become famous, and by using the Kinkade Marks, Defendants willfully intended to trade on Mr. Kinkade's reputation.

11

MILW_11068523.3

59.     Defendants' aforesaid acts are causing dilution of the distinctive quality of the Kinkade Marks in violation of Minnesota Statute § 333.285.

60.     Defendants' use of "Thomas Kinkade" and "Thomas Kinkade – Painter of Light" in connection with the unauthorized and inferior quality Kinkade Works is causing Plaintiff monetary damage and irreparable harm and is resulting in Defendants' inequitable enrichment.

61.     If the aforesaid acts are permitted to continue, Plaintiff will sustain further loss, damage and irreparable injury, for which Plaintiff has no adequate remedy at law.

## SEVENTH CLAIM: DECEPTIVE TRADE PRACTICES IN VIOLATION OF STATE LAW
### (Minn. Stat. § 325D.44)

62.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

63.     Defendants' aforesaid acts constitute deceptive trade practices in violation of Minnesota Statute § 325D.44.

64.     Defendants have willfully engaged in said practices for their own commercial advantage knowing full well that those practices would cause at a minimum a likelihood of confusion as to the source of the unauthorized and inferior quality Kinkade Works and their lack of affiliation to Mr. Kinkade.

65.     Defendants' deceptive practices have created and will continue to cause likelihood of confusion or misunderstanding as to the source of Defendants' products.

66.     Defendants' use of "Thomas Kinkade" and "Thomas Kinkade – Painter of Light" in connection with the unauthorized and inferior quality Kinkade Works is causing

12

Plaintiff monetary damage and irreparable harm and is resulting in Defendants' enrichment.

67.     If the aforesaid acts are permitted to continue, Plaintiff will sustain further loss, damage and irreparable injury, for which Plaintiff has no adequate remedy at law.

## JURY DEMAND

68.     Plaintiff demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

Wherefore, Plaintiff Windermere Holdings, LLC prays for judgment as follows:

A.     For a preliminary and permanent injunction restraining Defendants, their agents, servants, employees, and attorneys and those in active concert or participation with them from creating copies of any Kinkade Works;

B.     For a preliminary and permanent injunction restraining Defendants, their agents, servants, employees, and attorneys and those in active concert or participation with them from distributing unauthorized copies of any Kinkade Works;

C.     For an order from the Court requiring that Defendants and all those in privity with them turn over to Plaintiff any works in their possession or control which are copies of the Kinkade Works;

D.     For an order from the Court compelling Defendants to immediately identify the manufacturer of their products if it is someone other than Defendants, including the full name and address of any such third parties;

E.     For an order from the Court entering judgment in favor of Plaintiff and

against all Defendants, finding that each of the Defendants has willfully infringed and/or contributed to the infringement of Plaintiff's copyrights in violation of 17 U.S.C. § 106;

F.    For an award of either statutory damages in the amount of $150,000 for each of the copyrighted works infringed based on Defendants' willful conduct, or actual damages which Plaintiff has sustained as a result of Defendants' activities in an amount to be determined, whichever is greater;

G.    For a preliminary and permanent injunction restraining Defendants, their agents, servants, employees, and attorneys and those in active concert or participation with them from using any name or mark that consists in whole or in part of KINKADE or any name, mark or slogan confusingly similar to that mark, including any use of any of the Kinkade Marks as defined herein;

H.    For an order from the Court requiring that Defendants and all those in privity with them to turn over to Plaintiff any materials in Defendants' possession bearing the Kinkade Marks, or an order that all such materials be destroyed, pursuant to 15 U.S.C. § 1118;

I.    For an award of statutory damages in the amount of $100,000 pursuant to 15 U.S.C. § 1117(d), or actual damages and profits, whichever is greater;

J.    For an award of treble the amount of all damages sustained by Plaintiff as a result of Defendants' wrongful acts — including, but not limited to, an award of Defendants' profits and actual damages, pursuant to 15 U.S.C. § 1117;

K.    For an accounting of Defendants' profits from its aforesaid wrongful acts, including, but limited to, a statement of all profits already made as a result of Defendants'

14

MILW_11068523.3

continued unauthorized use of the Kinkade Marks;

L.     For an award of enhanced damages as allowed under Minnesota law;

M.     For awards of Plaintiff's reasonable attorneys' fees and costs incurred herein;

N.     For an award of prejudgment interest on all amounts Defendants are ordered by this Court to pay Plaintiff according to law; and

O.     For such other and further relief as the Court deems just and proper.

MILW_11068523.3

Dated:  March 24, 2011          **MASLON EDELMAN BORMAN & BRAND, LLP**


By:  /s/ Jason A. Lien
      JAMES F. KILLIAN (#193914)
      JASON A. LIEN (#028936X)
      3300 WELLS FARGO CENTER
      90 SOUTH SEVENTH STREET
      MINNEAPOLIS, MN 55402
      TELEPHONE:  612.672.8200
      FACSIMILE:  612.672.8397
      E-MAIL:  JAMES.KILLIAN@MASLON.COM
                JASON.LIEN@MASLON.COM


OF COUNSEL
DANA N. LEVITT
JEFFREY A. KOBULNICK
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071
TELEPHONE:  213.972.4500
FACSIMILE:  213.486.0065
E-MAIL:  DLEVITT@FOLEY.COM
            JKOBULNICK@FOLEY.COM


CYNTHIA J. FRANECKI
KADIE M. JELENCHICK
**FOLEY & LARDNER LLP**
777 E. WISCONSIN AVE.
MILWAUKEE, WI 53202
TELEPHONE:  414.271.2400
FACSIMILE:  414.297.4900
E-MAIL:  CFRANECKI@FOLEY.COM
            KJELENCHICK@FOLEY.COM

*Attorneys for Plaintiff Windermere Holdings, LLC*

16